IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ULRIKE M. WEST,

      Plaintiff,

v.

No.: _____

NEW MEXICO TAXATION & REVENUE
DEPARTMENT, and PHILLIP SALAZAR,

      Defendants.

## **NOTICE OF REMOVAL**

This action, originally filed in the in the Third Judicial District Court, Dona Ana County, New Mexico as No. CV-2009-834 (the "State Court Lawsuit"), is hereby removed to the United States District Court for the District of New Mexico by Defendants New Mexico Taxation & Revenue Department and Phillip Salazar. In support of removal, Defendants set forth the following:

1.      On April 2, 2009, Plaintiff filed her "Complaint for Civil Rights Violations" in the Third Judicial District Court, County of Dona Ana, State of New Mexico. That action is now pending in the Third Judicial District Court as No. CV-2009-834.

2.      Plaintiff completed service of process on Defendant State of New Mexico Taxation & Revenue Department and on New Mexico Attorney General Gary King, through service of the complaint on June 15, 2009. A copy of that complaint is attached to this Notice of Removal as part of Exhibit A.

3.     Fewer than 30 days have passed since Defendants received the initial pleading on June 15, 2009.

4.     The named defendants in this case, New Mexico Taxation & Revenue Department and Phillip Salazar, join in seeking removal of this case to Federal Court.

5.     In her complaint, Plaintiff alleges that her causes of action arise under the Americans with Disabilities Act. Accordingly, this action may be removed to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1441 and 1446.

6.     Also in her complaint, Plaintiff alleges that her causes of action arise under her First Amendment to Freedom of Speech as guaranteed by the U.S. Constitution. As such, this matter is a civil action arising under the Constitution, laws and treaties of the United States.

7.     Additionally, this Court has supplemental jurisdiction over the Plaintiff's claims under the New Mexico Human Rights Act and New Mexico Common Law, breach of contract, breach of the covenant of good faith and fair dealing, and for promissory estoppel.

8.     Complete copies of all processes, pleadings, and orders served upon Defendants in the State Court Lawsuit are attached hereto as Exhibit A.

9.     A copy of this Notice is being served on the Clerk of the Third Judicial District Court, Dona Ana County, New Mexico.

Respectfully submitted,

MILLER STRATVERT P.A.

By: _____
PAULA G. MAYNES
Miller Stratvert P.A.
200 West DeVargas, Suite 9
Post Office Box 1986
Santa Fe, NM 87504-1986
Phone:  505-989-9614
Fax:  505-989-9857
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served on the following parties or counsel of record this 26th day of June, 2009, via United States first class mail, postage prepaid:

Paul M. Gayle-Smith, Esq.
Law Office of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, New Mexico 88011
Phone:  (575) 522-8300
Email: GayleSmithEsq@aol.com
Fax:  (866) 324-3783

_____
Paula G. Maynes

**ENDORSED**

FILED

2009 APR -2 AM 11: 14

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

ULRIKE M. WEST,               )
    Plaintiff,               )
                       )
                       )            CIVIL ACTION NO. *11-2009-834*
v.                             )
                       )
NEW MEXICO TAXATION & REVENUE )
DEPARTMENT, and PHILLIP SALAZAR)          **JURY TRIAL DEMANDED**
    Defendants.               )
                       )
                       )

THIS CASE HAS BEEN ASSIGNED TO
JUDGE JERALD A. VALENTINE

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

1. Plaintiff, Ulrike M. West, through her undersigned counsel, brings this action, pursuant to the Americans With Disabilities Act of 1990 (ADA) and the New Mexico Human Rights Act, as amended, seeking damages to remedy violations of her civil rights guaranteed by ADA and New Mexico law. Plaintiff West also seeks damages for violation of rights guaranteed by the First Amendment to the U.S. Constitution, and damages for breach of contract, breach of the covenant of good faith and fair dealing, and for promissory estoppel pursuant to New Mexico common law.

### JURISDICTION AND VENUE

2. Plaintiff is a resident of Doña Ana County.

3. Defendant New Mexico Taxation and Revenue Department (Defendant, TRD or the Department).is an agency of the State of New Mexico. Defendant Phillip Salazar is the



EXHIBIT
A

Director of the Audit & Compliance Division within TRD.

4. All of Plaintiff's causes of action arose in New Mexico and the acts and effects complained of all occurred in New Mexico.

5. All conditions precedent to the filing of suit have been met.

6. The court has subject matter and personal jurisdiction over this complaint and the parties.

7. Venue is proper in this county.

## ALLEGATIONS OF FACT

8. Plaintiff was born on November 9, 1964.

9. On February 8, 1999, the Defendants hired Plaintiff as an entry-level tax auditor. Subsequently, because of her consistently successful performance ratings, Plaintiff was promoted to senior tax auditor.

10. On March 7, 2003, at the age of 38, Plaintiff was diagnosed with Relapsing Remitting Multiple Sclerosis, the most common form of multiple sclerosis (multiple sclerosis or MS). Multiple sclerosis is a debilitating disease of the central nervous system, the nerves that comprise the brain and spinal cord.

11. Symptoms of Relapsing-Remitting Multiple Sclerosis include, but are not limited to, "the attack" (also referred to as the relapse, flare-up, or exacerbation), which is a bout of specific symptoms (facial pain, Lhermitte's sign, vision impairment or bladder instability) that lasts at least 24 hours and typically several days), and remissions (when symptoms improve or disappear), usually for about 4-8 weeks.

12. The causes of multiple sclerosis are unknown and it cannot presently be prevented or cured.

13. In March 2007, after determining that the poor ergonomic design of her workstation was

2

causing her unnecessary pain in her neck, back and head and exacerbating her multiple sclerosis, Plaintiff made a request for ergonomic office furniture, pursuant to the requirements of the Americans with Disabilities Act (ADA). The furniture Plaintiff requested was identical to furniture that had already been provided to some of her coworkers none of whom is believed to have been disabled within the meaning of the ADA.

14. On October 10, 2007, Plaintiff made an ADA request for permission to drive her own vehicle on business trips. Plaintiff's physician provided a written prescription for use of Plaintiff's own vehicle directly to Defendants, pursuant to Plaintiff's request.

15. From February 2004 to August 2007, Plaintiff had previously driven her own vehicle and had received reimbursement for the expense without incident. However, in retaliation for her requests for reasonable accommodation in March 2007, Defendants changed their prior practice and demanded that Plaintiff negotiate additional, harassing bureaucratic hurdles just to obtain an accommodation to which she was clearly entitled and which she had previously been provided without problems.

16. On December 11, 2007, Plaintiff filed a charge of discrimination (453-2008-00310) with the Equal Employment Opportunity Commission (EEOC) because more than nine months had passed without her having received the reasonable accommodation she had requested in March 2007 because of her MS.

17. On March 29, 2008, more than five months after Plaintiff's physician had provided a written statement regarding her inability to travel long distances and prescribing the use of her own vehicle directly to Defendants, Defendants demanded immediate "clarification", for the first time, regarding Plaintiff's ADA request to use her own vehicle, or they would deny Plaintiff's request.

3

18. On April 3, 2008, Plaintiff filed a timely charge of discrimination (453-2008-00868) with the EEOC in which she alleged, inter alia, that she had been retaliated against by Defendants, on March 29, 2008, on the basis of her disability because she had filed an earlier charge of discrimination (453-2008-00310) following her request for a reasonable accommodation.

19. By July 2008, Plaintiff's health had deteriorated significantly and, as a result, her physician provided a written recommendation and request that Defendants reduce her work day schedule to five hour day from 7 a.m. to noon, because Plaintiff was at her "best" in the morning and best able to manage her symptoms.

20. On September 15, 2008, Defendant Salazar denied Plaintiff's reasonable accommodation request for a part-time schedule, although Plaintiff had by that time, spent several productive years on a "part-time schedule".[1]  Defendant Salazar, in an outrageous display of insensitivity and vindictiveness simultaneously stated that part-time schedules were incompatible with the performance of the essential functions of Plaintiff's job and then, without explanation, offered her a temporary part-time work schedule that would be subject to non-renewal in three months.

21. On October 2, 2008, the EEOC made a formal determination that Plaintiff had in fact been discriminated as alleged in her charge of discrimination (453-2008-00310) filed on December 11, 2007.[2]  The EEOC is now pursuing conciliation procedures to resolve the charge of discrimination before referring it to the U.S. Department of Justice for litigation or before issuing a formal right to sue letter.

22. Defendants retaliated against Plaintiff because she engaged in the protected activity of filing a charge of discrimination with the EEOC and because she otherwise complained about civil

---

[1]  Unfortunately, this "part-time schedule" came at great cost to Plaintiff who was forced to exhaust her FMLA, annual leave and then LWOP.

[2]  The EEOC usually only makes such findings of discrimination in the most obvious and egregious cases of violations of the civil rights laws it enforces.

4

rights violations.

23. Defendants failed to provide adequate training to managers and supervisors regarding disability law, reasonable accommodations, retaliation and its anti-harassment policies and procedures. For example, for years after her initial diagnosis Plaintiff's "part-time schedule" came at great cost to her because she was forced to exhaust her FMLA, annual leave and then LWOP instead of being provided the rather obvious and reasonable accommodation of an actual part-time schedule.

24. Defendants breached the implied contract of employment and implied covenant of fair dealing and good faith by failing to treat Plaintiff fairly relative to her coworkers regarding her initial requests for an ergonomic desk and chair and by failing generally to evaluate her requests for reasonable accommodation based solely upon objective, work-related criteria.

25. Defendants breached various enforceable promises to Plaintiff by intentionally failing to treat Plaintiff fairly relative to her coworkers or to evaluate her requests for reasonable accommodation based solely upon objective, work-related criteria.

26. Defendants breached the duty to reasonably supervisor its managers by failing to exercise reasonable care in the supervision of Patricia Jauregui, ADA Coordinator and Human Resources Supervisor, and others.

27. Defendants acted knowingly to discriminate against Plaintiff on the basis of disability and retaliation in violation of state and federal law.

28. Defendant's actions proximately caused Plaintiff West's damages and injuries including, but not limited to, devastating stress and exacerbation of her multiple sclerosis, severe physical and emotional pain and suffering, loss of work-related benefits such as accumulated annual and sick leave, damage to her professional reputation and opportunities for continued professional

5

advancement.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 1990 (RETALIATION)

29. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

30. Defendants retaliated against Plaintiff in the manner described herein because she filed a charge of disability discrimination or otherwise engaged in conduct to secure rights guaranteed by the ADA and state law.

31. The aforementioned retaliation adversely affected the terms, conditions and privileges of employment enjoyed by Plaintiff.

32. Defendants' actions were intentional, willful, wanton and malicious.

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 1990 (HOSTILE WORK ENVIRONMENT)

33. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

34. Defendants retaliated against Plaintiff in the manner described herein because she filed a charge of disability discrimination or otherwise engaged in conduct to secure rights guaranteed by the ADA and other federal and state disability-related laws.

35. The aforementioned retaliation adversely affected the terms, conditions and privileges of employment enjoyed by Plaintiff and created a hostile work environment which directly led to Plaintiff's worsening symptoms and consequent and constructive/forced early retirement.

36. Defendants' actions were intentional, willful, wanton and malicious.

6

## COUNT III

### FIRST AMENDMENT/PUBLIC POLICY

37. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

38. Defendants treated Plaintiff less favorably as stated herein in retaliation for Plaintiff's free expression of opposition to discrimination in violation of 42 U.S.C. § 1983, the First Amendment to the U.S. Constitution and the public policy of the State of New Mexico.

39. Defendants' actions were intentional, willful, wanton and malicious.

## COUNT IV

### NEGLIGENT SUPERVISION

40. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

41. Defendants failed to exercise reasonable care in the supervision of managers and supervisors responsible for the delayed provision of the reasonable accommodation and harassing conduct in violation of New Mexico common law.

42. Defendants failed to provide adequate training regarding reasonable accommodation, retaliation and the Department's anti-harassment policies and procedures.

43. Defendants failed to heed warnings that Plaintiff's health was being damaged as a result of the failure to cooperate in the provision of the required reasonable accommodation.

44. As a result of Defendants' negligence, Plaintiff suffered foreseeable and proximate harm to her health and to the terms, conditions and privileges of her employment, including her continued employment, and to her personal and professional reputations.

45. Defendants' actions were negligent, harmful, and without due regard to the duties owed Plaintiff and its disable employees.

7

## COUNT V

### BREACH OF IMPLIED CONTRACT

46. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

47. Defendants made an implied agreement with Plaintiff that she would not be retaliated against for complaining about violations of law and state rules and regulations, and that she would be treated fairly relative to her coworkers and that her request for reasonable accommodations would be evaluated based solely upon objective, work-related criteria.

48. Defendants' representations, promises, and conduct were sufficient to induce reasonable expectations on the behalf of Plaintiff that she would be treated fairly relative to her coworkers and that her request for reasonable accommodations would be evaluated based solely upon objective, work-related criteria.

49. Despite the implied contract Defendants failed to treat Plaintiff fairly relative to her coworkers or to evaluate her request for reasonable accommodations solely upon objective, work-related.

50. Defendants' actions in breach of the implied contract were intentional, willful, wanton and malicious.

## COUNT VI

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

51. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

52. Pursuant to New Mexico common law, the aforementioned implied contract included an implied covenant of good faith and fair dealing.

8

53. Defendant's actions, as complained of herein, were undertaken in bad faith with complete and deliberate disregard for the contractual rights of Plaintiff West in violation of the covenant of good faith and fair dealing.

54. Defendant's actions injured Plaintiff's rights to receive the benefits of the implied agreement.

55. Defendant's actions were intentional, willful, wanton and malicious.

## COUNT VII

### PROMISSORY ESTOPPEL

56. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

57. Defendant made promises to Plaintiff that she would not be retaliated against for complaining about violations of law and state rules and regulations, that she would be treated fairly relative to her coworkers and that her requests for reasonable accommodation would be evaluated based solely upon objective, work-related criteria. Defendant should have reasonably expected these promises to induce action or forbearance on the part of Plaintiff West.

58. Plaintiff's reliance on the promises of Defendants was reasonable.

59. Defendants are bound by the promise they made to Plaintiff West.

60. Defendant's actions in violation of the aforementioned promises were intentional, willful, wanton and malicious.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     Compensatory and punitive damages.

B.     Pre-judgment and post-judgment interest, as allowed by law.

C.     Reasonable costs and attorneys fees incurred in bringing this action.

D.     Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all counts and issues so triable.

**RESPECTFULLY SUBMITTED** this 2nd day of April, 2009.

**PAUL M. GAYLE-SMITH**

Law Office of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011

Attorney for Plaintiff

10

**ENDORSED**

FILED

STATE OF NEW MEXICO

COUNTY OF DONA ANA

THIRD JUDICIAL DISTRICT COURT

Plaintiff(s)

v.

No. CV-200

**Jerald A. Valentine**

Defendant(s)

**ORDER REQUIRING SCHEDULING REPORTS AND**

**A DISCOVERY PLAN AND LIMITING STIPULATIONS**

**TO ENLARGE TIME FOR RESPONSIVE PLEADINGS**

IT IS ORDERED:

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service.  Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Sixty (60) days after the complaint is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge.  Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, *(See Appendix to these local rules for all forms)* or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C. Any party who enters the case more than sixty (60) days after the filing of the complaint shall file a scheduling report within ten (10) days.

D. If all parties are not of record within sixty (60) days of filing the initial pleading, the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third Party Defendants, etc.)* shall, within five (5) business days after the 60th day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue".

E. Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F. When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G. If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

H. For cases subject to arbitration under Local Rule LR3-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the complaint has been filed

or ten (10) days after all parties are joined if LR3-Form 2.14 NMRA has been filed.  If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

I.    Within seventy-five (75) days from the date the Complaint was filed, or fifteen (15) days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

(1)   Stipulate to a discovery plan and file the stipulation with the court, or

(2)   Request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-016 NMRA.

(3)   In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following discovery plan shall go into effect:

Within one-hundred (100) days after the complaint was filed or fifteen (15) days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

      c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

      d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

      e.    If the medical condition of a party is at issue, such party shall provide medical records or give a medical release authorization to opposing parties consistent with the Court of Appeals ruling in Pina v. Espinosa, 130 NM 661,29 P3d 1062 (2001). The parties shall confer regarding the nature and extent of the medical records disclosure or release authorization and stipulate if possible. If the parties cannot agree, each party shall file a memorandum with a proposed records disclosure or release authorization advocating that party's position to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NMRA shall apply.

J.    Pursuant to Rule 1-026(E) NMRA, parties shall seasonably supplement discovery required in subparagraphs (3)(a) through (e) of Paragraph I of this order.

 

GERALD A. VALENTINE
District Judge, Division IV

Delivered with the Summons to Plaintiff this _2_ day of
_April_, 20_09_

GREG TOOMEY

Court Administrator

BY: ____ Melissa A. Lundien

Clerk

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

ULRIKE M. WEST,                          )
    Plaintiff,                           )
                                         )
v.                                       )        CIVIL ACTION NO. 2009-834
                                         )        JUDGE JERALD A VALENTINE
                                         )
NEW MEXICO TAXATION & REVENUE)
DEPARTMENT, and PHILLIP SALAZAR)          JURY TRIAL DEMANDED
    Defendants.                          )
                                         )
                                         )

## SUMMONS

### THE STATE OF NEW MEXICO

TO: Rick Homans, Secretary
    New Mexico Taxation and Revenue Department
    Joseph Montoya Bldg.
    1100 S. St. Francis Drive
    Santa Fe, New Mexico 87501

    You are required to serve upon Paul M. Gayle-Smith, Esq. an answer or motion in response to the complaint which is attached to this summons within twenty (20) days after service of this summons upon you, exclusive of the day of service, and file a copy of your answer or motion with the court as provided in Rule 1-005 NMRA.

    If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Attorney for plaintiff: Paul M. Gayle-Smith, Esq., 2961 Sundance Circle, Las Cruces, New Mexico 80011-4609, Phone: 575.522.8300, Email: GayleSmithEsq@aol.com

    WITNESS the Honorable Jerald A. Valentine, district judge of the Third Judicial District Court of the State of New Mexico, and the seal of the District Court of Dona County, this 10ᵗʰ day of June, 2009.

**GREGORY F. TOOMEY**

Clerk of Court
By
Deputy

Dated: June 10, 2009