IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ULRIKE M. WEST,

    Plaintiff,

v.     CV 09-631 MV/CG

NEW MEXICO TAXATION AND
REVENUE DEPARTMENT and
PHILLIP SALAZAR,

    Defendants.

# ORDER
## DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on *Plaintiff's Motion to Compel* (Doc. 44), which the Court construes as a *Motion for Protective Order* (*Plaintiff's Motion*), and on *Defendant's Response to Plaintiff's Motion to Compel and Motion for Protective Order Under F.R.C.P. 26* (Doc. 47) (*Defendants' Response/Motion*). The Court has considered the filings and the relevant law. Because Plaintiff's position is unsupported and unfair, her *Motion for Protective Order* will be DENIED and Defendants' *Motion for Protective Order* will be GRANTED.

The issues in dispute are the location and length of the depositions of Defendant Phillip Salazar and an as-yet unidentified entity representative. (Pl.'s Mot., Doc. 44 at 2; Defs.' Resp./Mot., Doc. 47 at 1.) Plaintiff filed a motion to compel on February 5, 2010 requesting that the Court compel these witnesses to appear for depositions in a certain city. (Pl.'s Mot., Doc. 44 at 1.) Because the relief sought by Plaintiff is more appropriately

1

requested via a motion for protective order under FED. R. CIV. P. 26(c), the Court will construe Plaintiff's motion as such. The parties agree that Defendants are willing to produce the witnesses for depositions, but the parties dispute the location and length of the depositions. (*Id.*; Defs.' Mot., Doc. 47 at 1.)

Plaintiff requests that the Court order the depositions to be held in Las Cruces, New Mexico and for no longer than four hours per day. (Pl.'s Mot., Doc. 44 at 1–2.) First, Plaintiff asserts that the depositions should be held in Las Cruces because they should be held "in the vicinity of the courthouse." (*Id.* at 1.) Second, Plaintiff explains that because of her medical issues, she is unable to drive herself, so attending depositions in Albuquerque or Santa Fe, New Mexico would cause her "excessive expense, health problems and general health-related inconvenience." (*Id.* at 2.) Furthermore, Plaintiff explains that because of her medical issues, she cannot concentrate for more than four hours at a time, so she requests that the depositions be limited to four hours per day, which would require them to be spread out over multiple days. (*Id.*) Plaintiff explains that because Defendants complied with her requests regarding location and length when she herself was deposed, their refusal to so comply for their own depositions "appears to be a mere trial tactic and otherwise in bad faith." (*Id.*) She asserts that her rights "would be irrevocably damaged" without the relief requested. (*Id.*) Lastly, she requests fees and costs related to the motion. (*Id.* at 3.)

Defendants responded in opposition to Plaintiff's motion and filed a motion for protective order of their own seeking the Court's protection from having to produce witnesses in Las Cruces. (Defs.' Resp./Mot., Doc. 47.) Defendants offer that they were willing to accommodate Plaintiff's requests regarding the location and length of her

deposition when she was the deponent to allow her to be more comfortable and to be able to concentrate even though they incurred additional costs to do so. (*Id.* at 2.) They explain, however, that there is no similar basis for such requests for the depositions of Defendant and the entity representative. (*Id.* at 5.) In fact, they point out, the presumptive location of depositions of defendants is where they reside or are headquartered. (*Id.* at 3–4.) Furthermore, they state that if Plaintiff is correct that the depositions should be taken "in the vicinity of the courthouse," they should be taken in Santa Fe, where the chambers of the assigned judge is located, or in Albuquerque, where the trial is likely to take place. (*Id.* at 2–3.) Defendants offer several suggestions for methods of deposing Defendant and the entity representative that appear to meet Plainitff's needs and that do not require the witnesses to travel to Las Cruces for a series of half-day depositions. (*Id.* at 4.) Plaintiff did not reply/respond to *Defendant's Response/Motion*.

The sole source of authority that Plaintiff cites for her position is FED. R. CIV. P. 37(a)(3), which actually addresses the related but distinct and inapplicable situations in which parties fail to comply with certain discovery rules. Plaintiff cites no other authority for her position. Defendants, on the other hand, cite a trusted treatise, MOORE'S FEDERAL PRACTICE-CIVIL, as well as several persuasive cases for their position that defendants should be deposed in their district of residence or headquarters unless the party noticing the deposition can show "unusual circumstances or principals of justice" requiring the deposition to be held elsewhere. (Defs.' Resp./Mot., Doc. 47 at 3–4 (citing 6-26 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE-CIVIL § 26.105 (Matthew Bender 3d ed. 2010); *Chirs-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) (presumption that business-entity defendant's place of business is the default location for

its deposition); *Turner v. Kansas City S. Ry. Co.*, No. 03-2742, 2008 U.S. Dist. Lexis 84865 at *3–4 (E.D. La. Sept. 24, 2008) (unpublished) (same); *Tailift USA, Inc. v. Tailift Co., Ltd.*, No. 3:03-CV-0196-M, 2004 U.S. Dist. Lexis 28648 at *4 (N.D. Tex. Mar.26, 2004) (unpublished) (same)).)

The Court is presented with competing motions for protective orders related to the depositions of Defendant Salazar and the unidentified entity representative. FED. R. CIV. P. 26(c)(1)(B) allows a court to issue a protective order specifying the "terms, including time and place" of depositions—if good cause is shown. If the Court denies *Plaintiff's Motion*, the hardship to her will be minimal because she has several other options regarding the depositions that meet her needs, as suggested by Defendants. If, however, Defendants are forced to appear for a series of half-day depositions in Las Cruces, their hardship will be great because of the increased costs of travel and time away from work responsibilities. Because the presumption is that the depositions of defendants will be held at their place of residence or headquarters, and because Plaintiff has failed to overcome that presumption, the Court FINDS that Plaintiff has not shown good cause to support her motion or to preclude Defendants' protective order.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's *Motion for Protective Order* (Doc. 44) and for attorney's fees and costs be **DENIED**;

(2) Defendants' *Motion for Protective Order* (Doc. 47) be **GRANTED**;

(3) Defendant Phillip Salazar and the as-yet unidentified defense witness be protected from having to travel to Las Cruces for their own depositions and from being limited to less than full-day depositions; and

4

(4)  the parties work together to find a solution that is consistent with this order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE**