IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ULRIKE M. WEST,

      Plaintiff,

    v.                            No.:  6:09-cv-00631-JB/CG

NEW MEXICO TAXATION AND REVENUE
DEPARTMENT and PHILLIP SALAZAR,

      Defendants.

## RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to FRCP 56(a), (c)(2) and (d), and D.N.M.LR-Civ-56, Plaintiff, Ulrike M. West respectfully requests that this Court enter an order denying Defendants' motion for summary judgment filed to defeat her claims. In support of her response, Plaintiff states the following[1,2,3].

1. A question of material fact exists as to whether either of Plaintiff's requests for reasonable accommodation was ever granted, in whole or in part.[4] Plaintiff asserts that

---

[1] Plaintiff has filed simultaneously a separate memorandum in support of her response to Defendants' motion for summary judgment.

[2] Defendants filed their motion for summary judgment on March 26, 2010, the deadline for dispositive, pre-trial, non-discovery motions. On April 2, 2010, defense counsel, Paula Maynes, agreed to an extension of time until May 3, 2010 to file Plaintiff's response to Defendants' motion for summary judgment. On April 5, 2010, Plaintiff filed a motion for extension of time under both FRCP 6(b) and 56(f)(2), owing to the additional need for time to conduct certain essential depositions and which motion the court granted. The Court granted a second motion for a continuance and extension of time to file an amended motion for summary judgment by May 21, 2010, after defense witnesses failed to appear at two depositions scheduled in Santa Fe on April 8 and 9, 2010 (Doc. 66). On June 2, 2010, Plaintiff filed her third motion for an extension of time to file her response to the motion for summary judgment owing to the undisputed unavailability of the transcripts of important depositions. A hearing on Plaintiff's last mentioned motion was held on July 9, 2010.

[3] On July 30, 2010, Plaintiff filed her own amended motion for summary judgment in this matter. In her amended motion for summary judgment, Plaintiff sought primarily to establish certain facts which prove the creation of a hostile work environment, the failure of Defendants to grant or provide either of the requested reasonable accommodations in their usual timely manner, the violation of Plaintiff's clearly established constitutional rights to free speech, and the viability of her breach of contract and promise claims.

[4] In fact, Defendants have sequentially and simultaneously stated that they denied the request for a part-time schedule, that they granted the request, that they denied the request and then finally and contradictorily that they both granted and denied the entire request.

there is substantial evidence that Defendants denied both requests for accommodation and then lied about it[5]. Specifically, Defendants intentionally failed to process Plaintiff's requests for reasonable accommodation in a timely fashion, taking years instead of days or weeks to process the driving accommodation request, for example. Defendants were fully aware that Plaintiff needed the accommodation to address the symptoms of her multiple sclerosis so they made unreasonable and unnecessary demands of Plaintiff and her doctors to harass Plaintiff. Whether Defendants ever actually granted either request is immaterial because they intentionally caused a hostile work environment for Plaintiff in retaliation, after she complained to her supervisor and others about suspected disability discrimination.[6]

2. Plaintiff can show a causal connection between her complaints regarding suspected disability discrimination and the Defendants' failure to process her requests for accommodation. Defendants misstate the nature of the retaliation that Plaintiff asserts. Specifically, Plaintiff has testified that she noticed a significant and negative change in behavior towards her after she first complained to the Governor's Commission on Disability and to the Equal Employment Opportunity Commission (EEOC) that Defendants had violated her rights to accommodation of her multiple. In addition, the manner in which Defendant Salazar, Patricia Jauregui, and others handled Plaintiff's request for accommodation of her disability shows a great deal of hostility against

---

[5] Strangely, even in the memorandum which accompanies their motion for summary judgment, Defendants appear to acknowledge that they denied at least one of the requests for accommodation. See Defendants' Motion for Summary Judgment, Page 3-4.

[6] Interestingly, Defendants have not included Plaintiff's claim for hostile work environment in their motion for summary judgment, although the claim is the crux of Plaintiff's case. Rather, Defendants misguidedly attempt to focus the Court on the separate issue of whether they can argue that they eventually (timely or not) granted (in whole or in part) the requests for reasonable accommodation.

Plaintiff suggesting a retaliatory motivation.

3. Plaintiff has testified that she made written comments to her supervisor and to an outside government agency about Defendant's broken promises and suspected disability discrimination. Disability-based discrimination in the workplace is illegal and is presumptively a matter of great public concern. Commenting on such suspected discrimination, especially to outside government agencies with no supervisory or other connection to her work as a tax auditor, was in no way part of Plaintiff's duties as a tax review auditor. Rather, Plaintiff made her comments about being victimized by discrimination in her capacity as an American citizen with multiple sclerosis. Defendant Salazar's retaliatory actions against Plaintiff were extreme and constituted a flagrant violation of her First Amendment Rights to free speech.

4. Defendant Salazar is not entitled to qualified immunity because he acted in a manner that showcased his indifference to Plaintiff's established rights under 42 U.S.C. §1983[7]. Specifically Defendant Salazar denied Plaintiff's requests to drive her own vehicle and for a temporarily-reduced work week knowing very well that Plaintiff was entitled to

---

[7] In *Chavez-Rodriguez v. City of Santa Fe* (Case No. 07-0063, 10th. Circuit February 18, 2010), the court stated in pertinent part as follows:

> When a defendant asserts qualified immunity in a motion for summary judgment, the burden shifts to the plaintiff who must… show the defendant's conduct violated a constitutional right, and the right was clearly established at the time of the defendant's conduct. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009). …In *Garcetti v. Ceballos*, 547 U.S. 410 (2006), the Supreme Court made clear a governmental employer may restrict speech made pursuant to an employee's official duties. In light of *Garcetti*, the Tenth Circuit employs a five-step inquiry for First Amendment retaliation claims. First, the court asks "whether the employee speaks pursuant to his official duties." *Brammer-Hoelter,* 492 F.3d at 1202 (quotation omitted). If an employee speaks as a citizen rather than pursuant to his official duties, the court must determine "whether the subject of the speech is a matter of public concern." *Id.* If so, the court must decide "whether the employee's interest in commenting on the issue outweighs the interest of the state as employer." *Id.* at 1203 (quotation omitted). Assuming this is the case, the employee must show his speech was a "substantial factor or a motivating factor in a detrimental employment decision." *Id.* (quotation and alteration omitted). If the employee makes this showing, the employer must then establish it would have taken the same action even if the speech had not occurred.

both reasonable accommodations and knowing very well that his denials would likely have a catastrophic effect on Plaintiff's health and her ability to continue gainful employment[8]. Plaintiff is entitled to summary judgment on her claim for violation of her First Amendment Rights to free speech because Plaintiff's statements and complaints regarding possible disability discrimination were made in her capacity as a private citizen to individuals and agencies both within and outside of her chain of command and her statements were not made as part of her official or unofficial job duties. Regarding her requests for reasonable accommodations, Defendant flagrantly retaliated against Plaintiff because of her exercise of her rights to free expression guaranteed by the U.S. constitution.[9] .

5. Plaintiff withdraws her claim for negligent supervision (Count IV) because it is redundant to her other theories of recovery. For example, Defendant Salazar's violation of Plaintiff's clearly established constitutional right to free expression supports an award of punitive damages against him in accordance with established precedent under 42 U.S.C. §1983, although punitive damages may not be recoverable against Defendant NMTRD on a negligent supervision theory.

6. Plaintiff's claim for breach of implied contract (Count V) is viable because Defendants' employee handbook, employment policies and practices and other representations created a reasonable expectation of an implied contract. Certainly Defendants do not claim that

---

[8] Plaintiff worked for Defendants for years before Defendants terminated her employment because of her disability.
[9] For example, Defendants informed Plaintiff via letter on September 15, 2008 that a part-time schedule was incompatible with her performance of the "essential functions of the job." This was completely untrue. Not only have Defendants never identified to which functions they referred in their letter of denial, within 10 days of the written denial, Defendants completely retracted their statement that a part-time schedule was not "appropriate under the ADA" after receiving written correspondence from undersigned counsel.

they never promised to treat Plaintiff fairly and to refrain from denying her work-related benefits without proper justification, right? Plaintiff's claim for the breach of the implied duty of good faith and fair dealing (Count VI) is also viable because Defendants' employee handbook, employment policies and practices and other representations created a reasonable expectation of an implied contract and the duty of good faith and fair dealing is implied as a matter of law in all employment-related contracts, under New Mexico law. Lastly, Plaintiff's claim for promissory estoppel (Count VII) is viable because she has demonstrated both her substantial and reasonable action and forbearance in reliance on the various promises of Defendants that she would not be retaliated against for complaining about violations of law and state rules and regulations, that she would be treated fairly relative to her coworkers and that her requests for reasonable accommodation or any other work-related benefit to which she might otherwise be entitled would be evaluated based solely upon objective, work-related criteria. Defendant should have reasonably expected these promises to induce action or forbearance on the part of Plaintiff as they did.[10]

## CONCLUSION

For these reasons, and as more fully set forth in Plaintiff's memorandum in support of her response to Defendants' motion for summary judgment filed simultaneously with this response, Plaintiff requests that this Court deny Defendants' motion for summary judgment in its entirety.

---

[10] It is uncontroverted in this case that Plaintiff's work performance was excellent even in the years after she was diagnosed with multiple sclerosis in 2003, about four years after Defendants' first hired her as a field tax auditor in 1998.

Respectfully submitted this 16th day of July 2010,

                                                LAW OFFICES OF
**P A U L   M .   G A Y L E - S M I T H**

2961 Sundance Cir
Las Cruces, New Mexico 88011-4609
Tel: 575.522.8300
Fax. 866.324.3783
elawyer@gayle-smith.com

By:

_/s/ Paul M. Gayle-Smith_
_____
Paul M. Gayle-Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ULRIKE M. WEST,**

    **Plaintiff,**

    v.　　　　　　　　　　　　　　　　　No.:  6:09-cv-00631-JB/CG

**NEW MEXICO TAXATION AND REVENUE
DEPARTMENT and PHILLIP SALAZAR,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing response to Defendants' motion for summary judgment via the court's electronic filing system and thereby served the same on all parties of record on this day, July 16, 2010.

LAW OFFICES OF
**PAUL M. GAYLE-SMITH**

    2961 Sundance Circle
    Las Cruces, NM 88011-4609
    Tel. 575.522.8300
    Fax. 866.324.3783
    elawyer@gayle-smith.com

_/s/ Paul M. Gayle-Smith_
Paul M. Gayle-Smith

Attorney for Plaintiff