IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ULRIKE M. WEST,

    Plaintiff,

vs.                                                                                                                                                 No. CIV 09-0631 JB/CEG

NEW MEXICO TAXATION AND REVENUE
DEPARTMENT and PHILLIP SALAZAR,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Opposed Third Motion for an Extension of Time to File Her Response to Defendants' Motion for Summary Judgment, filed June 1, 2010 (Doc. 78); and (ii) the Plaintiff's Fourth Motion for an Extension of Time to File Her Amended Motion for Summary Judgment, filed June 2, 2010 (Doc. 79). The Court held a hearing on July 9, 2010. The primary issues are: (i) whether the Court should allow Plaintiff Ulrike M. West an extension of time to file her response to Defendants New Mexico Taxation and Revenue Department and Phillip Salazar's motion for summary judgment; and (ii) whether the Court should grant West an extension of time to file an amended motion for summary judgment. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant both motions.

**PROCEDURAL BACKGROUND**

On April 2, 2009, West filed a Complaint against the Defendants in the Third Judicial District Court, Dona Ana County, New Mexico. See Complaint for Civil Rights Violations (dated Apr. 2, 2009), filed June 26, 2009 (Doc. 1, pp. 4-13)("Complaint"). In the Complaint, West alleges

that the Defendants discriminated against her on the basis of her disability -- Relapsing Remitting Multiple Sclerosis.  See Complaint ¶¶ 9-28, at 2-6.  She asserts seven claims: (i) retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 through 12300 ("ADA"), see Complaint ¶¶ 29-32, at 6; (ii) creating a hostile work environment in violation of the ADA, see Complaint ¶¶ 33-36, at 6; (iii) First-Amendment retaliation, see Complaint ¶¶ 37-39, at 7; (iv) negligent supervision, see Complaint ¶¶ 40-45, at 7; (v) breach of implied contract, see Complaint ¶¶ 46-50, at 8; (vi) breach of the implied covenant of good faith and fair dealing, see Complaint ¶¶ 51-55, at 8-9; and (vii) promissory estoppel, see Complaint ¶¶ 56-60, at 9.

On June 26, 2009, the Defendants removed West's lawsuit to federal district court.  See Notice of Removal, filed June 26, 2009 (Doc. 1).  They base the Court's jurisdiction on 28 U.S.C. §§ 1441 and 1446, and the fact that three of West's claims allege violations of federal statute or the Constitution of the United States.  See Notice of Removal ¶¶ 5-6, at 2.  They also assert that the Court has supplemental jurisdiction over the remaining New Mexico state-law claims under 28 U.S.C. § 1367(a).  See id. ¶ 7, at 2.

West has had numerous extensions of time related to the parties' motions for summary judgment.  On March 26, 2010, both parties filed motions for summary judgment.  See Motion for Summary Judgment, filed March 26, 2010 (Doc. 54); Plaintiff's Motion for Summary Judgment and Supporting Memorandum, filed March 26, 2010 (Doc. 56).[1]  West's response to the Defendants' motion was due April 12, 2010; on April 6, 2010, West filed her first motion requesting additional

---

[1] West states that she filed this initial motion for summary judgment "out of an abundance of caution to demonstrate that she has meritorious claims and lest her motion for an extension of time was denied during the hearing scheduled on April 1, 2010."  Plaintiff's Opposed Third Motion for an Extension of Time to File Her Response to Defendants' Motion for Summary Judgment at 1 n.1.  In other words, it appears that the amended motion for summary judgment is the motion for summary judgment West would have preferred to file from the outset.

time to respond to the Defendants' motion. See Plaintiff's Opposed Motion for a Continuance and Motion for Extension of Time to Response to motion for Summary Judgment, filed April 4, 2010 (Doc. 60).[2] On April 7, 2010, the Honorable Carmen E. Garza, United States Magistrate Judge, granted West's request and extended the response deadline to May 3, 2010. See Order Granting in Part and Denying in Part Plaintiff's Opposed Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, filed April 7, 2010 (Doc. 61). On April 15, 2010, West requested more time to file her response to the Defendants' motion for summary judgment, asking that the deadline be moved to May 31, 2010. See Plaintiff's Second Motion for a Continuance and Motion for Extension of Time to Respond to Motion for Summary Judgment, filed April 15, 2010 (Doc. 67). Judge Garza granted the second extension on April 16, 2010. See Order Granting Unopposed Motion for Extension of Deadlines, filed April 16, 2010 (Doc. 70). On June 1, 2010, West filed this third motion for extension of time to respond, asking the Court to extend the deadline for a response to July 16, 2010.

West's own motion for summary judgment has had a similar series of extensions. West requested an extension to file her motion for summary judgment on March 24, 2010, see Plaintiff's Opposed Motion for an Extension of Time to File Her Motion for Summary Judgment, filed March 24, 2010 (Doc. 52), and then two additional motions for extensions of time to file an amended motion for summary judgment, see Plaintiff's Unopposed Second Motion for an Extension of Time to File Her Motion for Summary Judgment, filed April 15, 2010 (Doc. 66); Plaintiff's Third Motion for an Extension of Time to File Her Motion for Summary Judgment, filed May 19, 2010 (Doc. 75),

---

[2] It appears the Defendants, rather than filing a response, moved to strike West's motion for summary judgment. See Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment and Supporting Memorandum, filed April 9, 2010 (Doc. 64).

each of which was granted, see Order, filed April 5, 2010 (Doc. 52)(Judge Garza extending deadline to April 26, 2010); Order, filed April 16, 2010 (Doc. 69)(Judge Garza extending deadline to May 21, 2010); Order Granting in Part Plaintiff's Third Motion for an Extension of Time, filed May 57, 2010 (Doc. 77)(extending the deadline to June 4, 2010). On June 2, 2010, West filed her fourth motion for extension of time, requesting a further extension -- to July 8, 2010 -- to file her amended motion for summary judgment.

West represents that she attempted early on to take various depositions of defense witnesses, but, for some time, the Defendants successfully thwarted her attempts to schedule any deposition. Specifically, West attempted from November 2009 to April 2010 to schedule the depositions of Salazar, Human Resources Specialist Patricia Jauregui, and other depositions under rule 30(b)(6) of the Federal Rules of Civil Procedure. West attempted to schedule these depositions during the same week, for no more than four hours per day to accommodate West's disability. The Defendants provided various reasons for refusing to cooperate in the scheduling of the rule 30(b)(6) depositions and filed a motion for protective order, see Motion for Protective Order under F.R.C.P. 26, filed March 8, 2010 (Doc. 49), to thwart West's rule 30(b)(6) depositions noticed for March 9 and 10, 2010. In the motion for protective order, the Defendants contend that the subject areas are "very vague," "generic," and "unrestricted." West was, however, able to take the deposition of her former supervisor, Janice McGee, on February 22, 2010.

The Court granted the previous extensions of time largely because of the difficulty West was having in scheduling defense witnesses for depositions.[3] For example, West asserts that the

---

[3] Paul Gayle-Smith, West's attorney, states that, before the case was transferred from the Honorable Martha Vasquez, Chief Judge of the United States District Courts for the District of New Mexico, he fully intended to file a motion for sanctions based on the allegedly unethical behavior of defense counsel and of the Defendants. Mr. Gayle-Smith further represents that, on

Defendants failed to appear at depositions scheduled in Santa Fe, New Mexico, for April 8 and 9, 2010. West's usual court reporting firm, Jones Reporting Services, and a number of other local court reporters, all stated that they were unable to cover the subject depositions on any days for a couple of weeks after those dates. West thus asserts that, had the Defendants appeared at the scheduled depositions in Santa Fe on April 8 and 9, 2010, the parties could have avoided the subsequent weeks of what the Defendants call "unavoidable" delay.

The Defendants refused to reschedule the depositions and insisted that West use Russin Williams Reporting from Albuquerque, New Mexico, for the depositions. The depositions for which the Defendants failed to appear in Santa Fe were taken instead on April 22 and 26, 2010, in Las Cruces, New Mexico. West states that she learned from defense witness Lynette Trujillo that Trujillo did not appear on April 9 in Santa Fe because Paula Maynes, the Defendants' attorney, was "unavailable," and for no other reasons. West also asserts that, on April 26, 2010, Trujillo stated that she had no meeting whatsoever with defense counsel about her deposition until sometime after the missed depositions in Santa Fe. West suggests that this information indicates Ms. Maynes never intended to appear for the April 8 and 9 depositions.

Jenifer Russin of Russin Williams Reporting recorded all three of the depositions. On May 11, 2010, Russin sent an apologetic electronic-mail transmission to Mr. Gayle-Smith, stating that she had undergone eye surgery and that her "production time" had been "dramatically affected" by the surgery. Electronic-Mail Transmission from Jenifer Russin to Paul Gayle-Smith (dated May 11, 2010), filed May 19, 2010 (Doc. 75-1)("As I explained to you at the time of the depositions, I

---

April 12, 2010, Judge Garza stated during a status conference that she would entertain a motion for sanctions against the Defendants for their failure to appear at the April 8 and 9 depositions. The Defendants have not denied that Judge Garza made this statement.

have recently had eye surgery, and it has dramatically affected my production time."). West states that, despite repeated requests that each transcript be provided as soon as possible, she did not receive the transcripts until Friday, May 28, 2010.

Again, West's response to the Defendants' motion for summary judgment was due on June 1, 2010. West represents that the three deposition transcripts contain evidence and information that is important to her motion for summary judgment. West states that it likely would be malpractice for Mr. Gayle-Smith to file a response to the motion for summary judgment or an amended motion for summary judgment without having had an opportunity to thoroughly review the deposition transcripts.

In their responses to West's motions, the Defendants indicated that they would oppose a motion for a three-week extension of time, but did not and would not oppose a motion for a two-week extension to file both a response to their motion for summary judgment and her amended motion for summary judgment. See Defendants' Response to Third Motion for Extension of Time to Response to Defendants['] Motion for Summary Judgment at 2-3, filed June 11, 2010 (Doc. 80); Defendants' Response to Fourth Motion for Extension of Time to File Amended Motion for Summary Judgment at 1-2, filed June 11, 2010 (Doc. 81). West represents that much more than two weeks are necessary to properly review the three transcripts, and to draft an effective response to a motion for summary judgment and an amended motion for summary judgment. West states that, during the same time period, her attorney has been and will continue to be very busy working on these two briefs.

West therefore moves the Court, pursuant to rule 6(b) and 56(f) of the Federal Rules of Civil Procedure, for an extension of time to file: (i) her response to the Defendants' motion for summary judgment filed to defeat her claims; and (ii) her amended motion for summary judgment. West

requests a continuance and extension of time until July 8, 2010 to file her amended motion for summary judgment. West indicates that this date represents the earliest possible date to be able to review copies of deposition transcripts and perform all subsequent tasks to complete her response to the Defendants' motion for summary judgment. West states that she would appreciate some indication from the Court whether it will still entertain a motion for sanctions against the Defendants and defense counsel.[4]

The Court held the hearing on this motion in Las Cruces, New Mexico, with Paul Gayle-Smith representing West, and Paula Maynes representing the Defendants. Mr. Gayle-Smith was physically present, and Ms. Maynes attended the hearing telephonically. At that time, Ms. Maynes conceded that the Defendants were willing to accept West's response to the Defendants' motion for summary judgment as timely filed if he filed it by July 16, 2010. See Transcript of Hearing at 4:19-25 (taken July 9, 2010)("Tr.")(Maynes); Tr. at 12:23-13:24 (Court, Gayle-Smith, Maynes).[5] The Court and parties agreed that the Court should grant West's motion for an extension of time to file her response, on the condition that she file any appendix to that motion by the July 16, 2010 deadline. See Tr. at 13:22-24 (Court). The Court will thus conditionally grant the motion as agreed during the hearing. The Court must therefore determine only whether to grant West's motion for an extension of time until July 8, 2010 to file her amended motion for summary judgment

---

[4] West filed her amended motion for summary judgment on June 30, 2010 -- over a week earlier than the deadline she requests, but after the deadline set by the Court's prior order extending the deadline. See Plaintiff's Amended Motion for Summary Judgment Amended Motion, filed June 30, 2010 (Doc. 87). According to Mr. Gayle-Smith, only the appendix remains outstanding. The Court thus knows that this motion for an extension of time to file the amended motion for summary judgment will be the last such motion, and the Court's ruling will determine whether the motion was timely filed.

[5] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

and whether it will entertain a motion for sanctions by West against the Defendants.

## **ANALYSIS**

West insists that she has clean hands and that the Court should not allow her to suffer because Ms. Maynes apparently decided, for reasons known only to her, that she did not wish to show up to depositions scheduled in her home town of Santa Fe. West asserts that Ms. Maynes conduct wasted court time and taxpayer money, and cost West hundreds of dollars in attorney fees. Ms. Maynes asserts that the April 8 and 9, 2010 depositions in Santa Fe occurred, but that some of the witnesses were not available at the appropriate times, and so not all of the scheduled depositions took place. She disclaims any wrongdoing in the deposition debacle. The Defendants continue to oppose the extension of time for West to file her motion for summary judgment.

For two primary reasons, the Court will grant West's motion for an extension of time. First, the Court believes there is benefit to allowing each party to file a motion for summary judgment; cross-motions tend to narrow the factual issues that would proceed to trial and promote reasonable settlements. In some cases, it allows the Court to determine that there are no genuine issues for trial and thereby avoid the expenses associated with the trial. The Court prefers to reach the merits of motions for summary judgment when possible. Second, in this case, it appears that West's need for an extension to file an amended motion for summary judgment is not entirely her own fault. Whether the fault lies with defense witnesses, defense counsel, or miscommunication, West should not be precluded from having a reasonable time to draft a well-researched motion for summary judgment, based on the full record available to her. The Court will therefore grant West's motion for an extension of time to file his amended motion for summary judgment, extending the deadline to July 8, 2010.

With respect to Mr. Gayle-Smith's inquiry whether the Court would entertain a motion for

sanctions against the Defendants, the Court will not preclude West from filing such a motion. On the other hand, the Court is more interested at this point with proceeding to the merits of the suit between West and the Defendants than getting bogged down in briefing and arguing a motion for sanctions. Moreover, given the arguments at the hearing, the fact that West eventually took the depositions that she sought, and that the Court is granting West the additional time she needs to file her motion for summary judgment, the Court is not inclined to grant a motion for sanctions. Nevertheless, West may file such a motion if she wishes.

In sum, the Court grants West's motions. The deadline within which West must respond to the Defendants' motion for summary judgment is extended to July 16, 2010, on the condition that West also file any appendix to the response by July 16, 2010. The deadline for filing West's own motion for summary judgment is extended until July 8, 2010.

**IT IS ORDERED** that: (i) the Plaintiff's Opposed Third Motion for an Extension of Time to File Her Response to Defendants' Motion for Summary Judgment is granted; and (ii) the Plaintiff's Fourth Motion for an Extension of Time to File Her Amended Motion for Summary Judgment is granted, as set forth in this opinion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Michael Gayle-Smith
Law Office of Paul M. Gayle-Smith
Las Cruces, New Mexico

*Attorney for the Plaintiff*

Paula Grace Maynes
James R. Wood
Miller & Stratvert P.A.
Santa Fe, New Mexico

>*Attorneys for the Defendants*