# LAW OFFICES OF
# PAUL M. GAYLE-SMITH

2961 SUNDANCE CIRCLE LAS CRUCES, NM 88011
575.522.8300 | GAYLE-SMITH.COM

**PAUL M. GAYLE-SMITH**
COLUMBIA LAW SCHOOL, J.D. '91
NEWCASTLE LAW SCHOOL, LL.B '88
elawyer@gayle-smith.com

October 14, 2010

Hon. James O. Browning
U.S. District Courthouse            Civil Case No: 09-631 JB/CG
333 Lomas Boulevard
Albuquerque, NM 87102

### PLAINTIFF'S SUPPLEMENTARY LETTER/REPLY

Dear Judge Browning,

I have provided this supplementary letter regarding an alleged defense raised for the first time during the hearing on the cross motions for summary judgment on August 30, 2010 (the hearing). Specifically, defense counsel stated during the hearing that Plaintiff's claim of hostile work environment is not viable because Plaintiff did not tick the "HOSTILE WORK ENVIRONMENT" box on her EEOC Charge filed on April 3, 2008. However, as the Court is aware, there is no such box on EEOC Form 5 (5/01). (Ex. A, page 2) In case, Defendants will next claim in their reply, if any, that Plaintiff should have ticked the box marked "OTHER (specify below)", Plaintiff states that this argument is also without merit because Plaintiff clearly "specified below" in the narrative statement of particulars that "*I am being **harassed** by the burdensome request to produce clarifying documentation from my physician within five working days.*" (Ex. A, page 2) (Emphasis and italics added.)

1

In addition, even had there been a "HOSTILE WORK ENVIRONMENT" box to tick, which there was not, case law in the 10th Circuit clearly establishes that failure to mark a specific box on an EEOC charge of discrimination is not dispositive in connection with the requirement that a claimant exhaust her administrative remedies. *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998). The *Gunnell* court stated that failure to mark a specific box merely creates a rebuttable presumption which can be rebutted by the text of the Charge as well as by supplemental submissions. Here, Plaintiff rebutted any presumption by stating in the first paragraph of the text of particulars that she was being illegally harassed.

In *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994), the Court stated, in pertinent part, as follows:

> In this circuit, "[w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass **any discrimination like or reasonably related to the allegations of the EEOC charge,** including new acts occurring during the pendency of the charge before the EEOC." Brown v. Hartshorne Pub. Sch. Dist. No. 1, 864 F.2d 680, 682 (10th Cir.1988) (alteration in original) (quoting Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973)). Further, "an act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to that complaint, obviating the need for a second EEOC complaint." Id. (emphasis added)

The *Ingels* court also stated, in pertinent part, as follows:

> There are two purposes behind the requirement for administrative exhaustion in discrimination cases: 1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim…

Plaintiff West also asserts that Defendants have waived any argument there may have been regarding non-exhaustion of administrative remedies by failing to raise the alleged defense in any briefing. In *Zipes v. Trans World Airlines, Inc*., 455 US 385, 393 (1982), the Supreme Court stated, in pertinent part, as follows:

> We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion.

To make it clear that its ruling was broad and should not be read narrowly to address just timeliness, the Supreme Court in *Zipes* also stated, in pertinent part, as follows:

> [In]… *Franks* v. *Bowman Transportation Co.,* 424 U. S. 747 (1976) and *Albemarle Paper Co.* v. *Moody,* 422 U. S. 405 (1975)… we noted that Congress had approved the Court of Appeals cases that awarded relief to class members who had not exhausted administrative remedies before the EEOC. It is evident that in doing so, Congress necessarily adopted the view that the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court. *Id at 397.*

Now, all of this being said, and supported by the highest of precedent, it is important to note that even if Plaintiff were not alleging a separate claim of hostile work environment (not based on retaliation), as she is here, Plaintiff would be able to show that she suffered a retaliatory and illegal "tangible employment action" in the form of the hostile work environment. In its current official written guidance on this topic, the EEOC states, in pertinent part, as follows:

> In *Burlington Industries, Inc. v. Ellerth*, 118 S. Ct. 2257 (1998), and *Faragher v. City of Boca Raton*, 118 S. Ct. 2275 (1998), the Supreme Court made clear that employers are subject to vicarious liability for unlawful harassment by supervisors. The standard of liability set forth in these decisions is premised on two principles: 1) an employer is responsible for the acts of its supervisors, and 2) employers should be encouraged to prevent harassment and employees should be encouraged to avoid or limit the harm from harassment. In order to accommodate these principles, the Court held that **an employer is always liable for a supervisor's harassment if it culminates in a tangible employment action.** However, if it does not, the employer may be able to avoid liability or limit damages by establishing an affirmative defense that includes two necessary elements:
> - the employer exercised reasonable care to prevent and correct promptly any harassing behavior, and

3

- the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

While the *Faragher* and *Ellerth* decisions addressed sexual harassment, the Court's analysis drew upon standards set forth in cases involving harassment on other protected bases. Moreover, the Commission has always taken the position that the same basic standards apply to all types of prohibited harassment. Thus, the standard of liability set forth in the decisions applies to all forms of unlawful harassment.

Here, Defendants erroneously assert that Plaintiff must prove an adverse employment action rather than a tangible employment action resulting from disability-based harassment[1]. It is important to note that a tangible employment action claim does not require the type of serious and pervasive adverse employment action required to establish the hostile work environment also established here. The EEOC Guidance provides, in pertinent part, as follows:

> Any employment action qualifies as "tangible" if it results in a significant change in employment status. For example, significantly changing an individual's duties in his or her existing job constitutes a tangible employment action regardless of whether the individual retains the same salary and benefits. Similarly, altering an individual's duties in a way that blocks his or her opportunity for promotion or salary increases also constitutes a tangible employment action.[ Citing *Durham*, 166 F.3d at 152-53 (assigning insurance salesperson heavy load of inactive policies, which had a severe negative impact on her earnings, and depriving her of her private office and secretary, were tangible employment actions); *Bryson v. Chicago State University*, 96 F.3d 912, 917 (7th Cir. 1996) ("Depriving someone of the building blocks for…a promotion…is just as serious as depriving her of the job itself.")]

Additionally, the *Gunnell* court stated, in pertinent part, as follows:

> In *Jeffries v. Kansas*, 147 F.3d 1220, 1231-32 (10th Cir.1998), we recently stated, "In recognition of the remedial nature of Title VII, the **law in this circuit liberally defines adverse employment action."** Rather than defining a set rule regarding what constitutes an "adverse employment action," we noted that "this court takes a case-by-case approach

---

[1] Defendants seem unwilling or incapable of acknowledging the distinction between Plaintiff's "free-standing" hostile work environment claim (which may or may not have been motivated by retaliation), Plaintiff's failure to accommodate claim (which may or may not have been motivated by retaliation) and Plaintiff's claim of retaliation (which is evidenced by the harassment, failure to accommodate, and involuntary termination). For example, by way of analogy, a Plaintiff/victim who was battered by her manager because of her religion could sue her manager and employer for both the battery (regardless of the religion-based motivation) and for the religious discrimination (evidenced by the battery or not.)

4

> to determining whether a given employment action is 'adverse.' 152 F.3d 1253, 1264 (10th Cir.1998) (citing *Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1507 (10th Cir.1996), and *Berry v. Stevinson Chevrolet,* 74 F.3d 980, 986-87 (10th Cir.1996)). In *Berry*, for example, where the district court found that management caused plaintiff's co-worker to initiate a criminal complaint against plaintiff, we found that malicious prosecution may constitute an "adverse employment action." See 74 F.3d at 986-87. Under our circuit precedent we believe that co-worker hostility or retaliatory harassment, if sufficiently severe, may constitute "adverse employment action" for purposes of a retaliation claim.

In summary, the case law in the 10th Circuit is clear; Plaintiff may file suit on any legal claim like or reasonably related to the allegations in her EEOC charge; Plaintiff is entitled to file suit on her failure to accommodate claim (disability), her hostile work environment claim (disability), and her retaliation claim (harassment, hostile work environment, failure to accommodate); harassment can constitute both an illegal "tangible employment action" and an "adverse employment action", whether motivated by retaliation or not; Defendants waived any defenses based on failure to exhaust administrative remedies.

I hope this supplementary letter proves to be of some value to the Court in its work towards ruling on the motions for summary judgment and the resolution of this important case. Thank you.

Sincerely,

Paul M. Gayle-Smith

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| NEW MEXICO TAXATION & REVENUE DEPT<br>Human Resources Bureau Manager<br>P.O. Box 630<br>Santa Fe, NM 87504-0630 | **PERSON FILING CHARGE**<br><br>Ulrike M. West<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**453-2008-00868** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act  [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act  [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **09-MAY-08** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **29-APR-08** to **Katherine S. Perez, ADR Coordinator, at (210) 281-2507**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Georgia Blanco,
Intake Supervisor
*EEOC Representative*

Telephone (915) 534-6679

El Paso Area Office
300 E. Main Suite 500
El Paso, TX 79901

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [X] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| 4/14/2008 | Teresa T. Anchondo,<br>Area Office Director | *(signed)* |

EXHIBIT 1

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA [X] EEOC | 453-2008-00868 |

**New Mexico Dept of Labor, Human Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Ulrike M. West | (575) 496-4590 | 11-09-1964 |

Street Address: 7722 Kissiah Dr., Las Cruces, NM 88012

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NEW MEXICO TAXATION & REVENUE DEPT | 500 or More | (505) 524-6225 |

Street Address: 2540 El Paseo, Bldg. 2, Las Cruces, NM 88001

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-27-2008    Latest: 03-27-2008
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On or about March 29, 2008, I received a letter from Patricia Jauregui, Supervisor HR Bureau Team B, requesting that I obtain clarification from my physician regarding my inability to travel long distances and why traveling in my own vehicle would be acceptable. I provided this explanation to them when I requested the vehicle accommodation on October 10, 2007. HRB received the physician's statement directly from the physician. I am being harassed by the burdensome request to produce clarifying documentation from my physician within five working days, when HRB had my request for accommodation since October 2007.

II. No legitimate reason given for the above, but I believe I am being harassed because I filed a charge of discrimination (453-2008-00310) due to the fact they failed to provide me with a reasonable accommodation to my disability.

III. I believe I have been retaliated as described above, because I filed a previous charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 4/3/08   X *[signature]*
Date        Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

X *[signature]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Enclosure with EEOC
Form 131 (5/01)

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Though you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (5/01).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. Equal Employment Opportunity Commission**
**El Paso Area Office**

300 E. Main Suite 500
El Paso, TX 79901
(915) 534-6671
TTY (915) 534-6710
FAX (915) 534-6701

Charging Party: Ulrike M. West
EEOC Charge No.: 453-2008-00868

NEW MEXICO TAXATION & REVENUE DEPT
Human Resources Bureau Manager
P.O. Box 630
Santa Fe, NM 87504-0630

To Whom It May Concern:

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Commission is required by law to investigate charges filed with it, and the enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made. Please submit a response to the requested information by the deadline cited below.

The information will only be disclosed in accordance with 29 C.F.R. 1601.22, or otherwise made public if the charge results in litigation.

Sincerely,

Teresa T. Anchondo
Area Office Director

**Response Deadline Date: May 9, 2008**