IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ULRIKE M. WEST,

    Plaintiff,

v.                                              No.: 6:09-cv-00631-WPL/CG

NEW MEXICO TAXATION & REVENUE
DEPARTMENT, and PHILLIP SALAZAR,

    Defendants.

### NEW MEXICO TAXATION & REVENUE DEPARTMENT AND PHILLIP SALAZAR'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO A SETTLEMENT AGREEMENT REACHED BY THE PARTIES

Defendants New Mexico Taxation & Revenue Department ("TRD") and Phillip Salazar, by and through their counsel of record, Miller Stratvert P.A., hereby move this Court for its Order prohibiting Plaintiff Ulrike M. West ("Plaintiff") from eliciting testimony on or presenting evidence pertaining to the parties' settlement agreement.

### Background

This case involves an employment dispute brought by Plaintiff, a former employee of the New Mexico Department of Taxation and Revenue ("TRD"), against the TRD and TRD employee Phillip Salazar. The TRD employed Plaintiff as a field auditor and audit reviewer. In May 2003, Plaintiff was diagnosed with multiple sclerosis. Plaintiff asserts claims against TRD and Mr. Salazar related to Plaintiffs' request that she be permitted to drive her own vehicle and receive reimbursement for mileage and work a part-time schedule on account of her medical condition. While Plaintiff's request to drive her own vehicle and receive reimbursement for mileage is contrary to TRD policy, the TRD accommodated the request on a case-by-case basis.

Similarly, the TRD granted Plaintiff's request for a part-time schedule on a temporary basis despite the fact that the request conflicted with TRD's operational needs.

Prior to asserting the claims pending before this Court, in 2008, Plaintiff filed a claim with the Equal Employment Opportunity Commission alleging that the TRD violated the Americans with Disabilities Act, 42 U.S.C.S. §§ 1211, et seq., in relation to Plaintiff's request for ergonomic furniture. This claim was resolved pursuant to a Department of Justice settlement agreement entered into by the parties on April 26, 2010.

Under Federal Rule of Evidence 408, testimony or evidence pertaining to this settlement agreement, including conduct or statements made during settlement negotiations, must be excluded at trial if introduced for the purpose of establishing Defendants' liability on Plaintiff's current claims or to impeach through a prior inconsistent statement or contradiction. Further, evidence of the settlement agreement should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to TRD and Mr. Salazar and confusion of the issues.

<u>**Points And Authorities**</u>

**I.   <u>Federal Rule of Evidence 408 Bars Plaintiff from Eliciting Testimony or Introducing Evidence Pertaining to the Parties' Settlement Agreement To Establish Defendants' Liability.</u>**

With respect to the exclusion of evidence pertaining to settlement agreements, Rule 408 of the Federal Rules of Evidence provides:

> furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim and conduct or statements made in compromise negotiations regarding the claim . . . is not admissible on behalf of any party, when offered to prove liability for . . . a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.

Fed. R. Evid. 408(a)(1), (2). The policy behind Rule 408 is to promote out-of-court settlements, and, accordingly, settlement agreements may not be used to establish liability on the part of a party to the agreement. *Reeder v. Am. Economy Ins. Co.*, 88 F.3d 892, 895 (10th Cir. 1996). Plaintiff should, therefore, be prohibited from eliciting testimony or introducing evidence pertaining to the parties' settlement agreement, including conduct or statements made during settlement negotiations, if introduced to establish Defendants' liability or to impeach on the basis of a prior inconsistent statement or contradiction.

## II. The Danger Of Unfair Prejudice And Confusion Of The Issues Posed By Evidence Of The Parties' Settlement Agreement Substantially Outweighs Its Probative Value.

Even if there is some reason for admitting evidence of the settlement agreement, the probative value of such evidence is substantially outweighed by its prejudicial effect and its potential for confusion of the issues. Rule 403 of the Federal Rules of Evidence vests a trial court with broad discretion to determine whether the probative value of evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *United States v. Cerno*, 529 F.3d 926, 936 (10th Cir. 2008). Introducing evidence in any way pertaining to Plaintiff's settled claim against the TRD prejudices the TRD and Mr. Salazar because it may suggest that Defendants are liable with respect to Plaintiffs' current claims involving accommodation of her multiple sclerosis.

Further, introducing evidence pertaining to the settlement agreement would interject multiple collateral facts and issues into the instant case. The interjection of collateral matters into the litigation not only threatens judicial efficiency, it poses the real risk of confusion of the issues. This Court should, therefore, find that the danger of unfair prejudice and confusion of the issues occasioned by introducing evidence of the parties' settlement of an unrelated claim

substantially outweighs its probative value under Federal Rule of Evidence 403 and exclude such evidence.

## CONCLUSION

The TRD and Phillip Salazar respectfully request the Court grant their Motion in Limine and exclude all evidence pertaining to the parties' settlement agreement and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

MILLER STRATVERT P.A.

By: /s/ Paula G. Maynes
PAULA G. MAYNES
Miller Stratvert P.A.
200 West DeVargas, Suite 9
Post Office Box 1986
Santa Fe, NM 87504-1986
Phone: 505-989-9614
Fax: 505-989-9857
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, and a copy was also mailed to the following parties or counsel of record this 28th day of October, 2010, via United States first class mail, postage prepaid:

Paul M. Gayle-Smith, Esq.
Law Office of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, New Mexico 88011
Phone: (575) 522-8300
Email: GayleSmithEsq@aol.com
Fax: (866) 324-3783


 /s/ Paula G. Maynes
Paula G. Maynes

6352-41732\Pleadings\800970\Defendants' Motion in Limine