## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ULRIKE M. WEST,

       Plaintiff,

vs.                                                                                                  No. CIV 09-0631 JB/CG

NEW MEXICO TAXATION AND REVENUE
DEPARTMENT and PHILLIP SALAZAR,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Objections to Cost Bill, filed December 3, 2010 (Doc. 122).  The Court held a hearing on August 17, 2011.  The primary issues are: (i) whether Plaintiff Ulrike M. West's objections to the cost bill are untimely; and (ii)  if so, whether the Court may, in its discretion, waive the untimeliness and address the merits of West's objections.  The Court will overrule the Plaintiff's Objections to Cost Bill and award the Defendants $3,184.05 in taxable costs.

### PROCEDURAL BACKGROUND

On April 2, 2009, West filed her Complaint for Civil Rights Violations in the Third Judicial District Court, Doña Ana County, State of New Mexico.  She alleged various state and federal claims against her employer, Defendant New Mexico Taxation & Revenue Department (the "NMTRD"), and Philip Salazar, the Director of the Audit and Compliance Division within the NMTRD.  The Defendants  removed  the case to federal court on June 26, 2009, on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  See Notice of Removal, filed June 26, 2009 (Doc. 1).

On October 31, 2010, the Court entered its Memorandum Opinion and Order ("MOO"), granting summary judgment for the Defendants. See Doc. 114. The Court: (i) dismissed West's claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12201-12213 for her failure to exhaust her administrative remedies; (ii) dismissed West's claim under 42 U.S.C. § 1983 alleging a violation of her First Amendment rights, because she was not speaking on matters of public concern; and (iii) granted qualified immunity to Salazar. The MOO dismissed all of West's federal claims and remanded the remaining state law claims to the Third Judicial District Court, Dona Ana County, State of New Mexico. See MOO at 95.

Following the Court's ruling on summary judgment, the Defendants filed a motion for costs and their Cost Bill on November 1, 2010, requesting that the clerk of the court tax their costs as the prevailing party. See Defendant State of New Mexico Taxation and Revenue Department and Phillip Salazar's Request for Court Clerk to Tax Their Cost Bill ("Cost Bill")(Doc. 119); Fed. R. Civ. P. 54(b). The Defendants sought a total of $3,184.05 in costs: the $350.00 court filing fee and deposition costs totaling $2,834,05. See Cost Bill at 1-2. Nearly three weeks later, the clerk of the court entered a minute order taxing West in the amount of $3,184.05. See Minute Order, filed November 19, 2010 (Doc. 121); Fed. R. Civ. P. 54(d)(1)("[C]osts -- other than attorney's fees -- should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."); Fed. R. Civ. P. 6 (computing time for purposes of filing motions); D.N.M. LR-Civ 7.1(1)("[T]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes to grant the motion.")(emphasis added). West did not object to the Defendants' request that the clerk of the court to tax the cost bill for $3,184.05, file a written response to the Defendants' motion, or otherwise respond or object the Defendants' motion for costs until December 3, 2010.

<u>See</u> Plaintiff's Objections to Cost Bill, filed December 3, 2010 (Doc. 122)("Objections").

In her Objections, West argues that, under New Mexico law, the Court should exercise its discretion and decline to assess costs against her because she is without financial resources.  <u>See</u> Objections at 3.  She asserts that she made good faith efforts to settle the case and that her claims were not frivolous.  <u>See</u> Objections at 3-4.  On December 7, 2010, the NMTRD and Salazar filed their Defendant's Response to Plaintiff's Objections to Cost Bill.  <u>See</u> Doc. 123 ("Response").  The Defendants contend that  West's objections were untimely and request the amounts awarded in the clerk of the court's November 19, 2010 costs bill.  <u>See</u> Response at 1.  Pursuant to D.N.M. LR-Civ. 54, "[t]he clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."  The Defendants argue that West's failure to file her Objections within the time allowed waives any objections she may have had.  For authority, they cite to D.N.M. LR-Civ. 7.1(1), which provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."

The Defendants also cite to rule 6 of the Federal Rules of Civil Procedure, which governs the computation of time for pleadings.  When the period given is stated in days,  "exclude the day of the event that triggers the period; count every day, including intermediate Saturdays, Sundays, and legal holidays; and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6 (a)(1)(A)-(C).[1]

In her reply, West raised two arguments.  First, she argues that the Defendants did not

[1]Rule 6(a)(6)(A) defines the legal holidays.  The only relevant legal holiday for the purposes of the instant opinion is Thanksgiving Day, which on Thursday, November 25, 2010.

comply with D.N.M. LR.-Civ. 54.1, , which provides in pertinent part: "The motion must comply with the requirements of D.N.M. LR-Civ. 7 and must include: an itemized cost bill documenting costs and including receipts as required by rule or statute; and a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation." Plaintiff's Reply Regarding Her Objections to Defendants' Bill of Costs at 2, filed December 9, 2010 (Doc. 124)("Reply"). West argues that, because the Defendants' Cost Bill contained neither receipts nor the required affidavits, the Cost Bill was defective. She also contends the $350.00 court filing fee was not listed in D.N.M. LR-Civ. 54.2 as a taxable cost. See Reply at 2. West further points out that three of the depositions listed were taken after the Defendants filed their motion for summary judgment and therefore were not necessary to the litigation. See Reply at 2. Salazar's deposition was taken on April 7, 2010, and April 22, 2010. See Reply at 2. The first Salazar deposition cost $381.82, and the second Salazar deposition cost $654.04. See Reply at 2. The third deposition was of Lynette Trujillo and was taken on April 23, 2010. See Reply at 2. The Trujillo deposition cost $925.19. See Reply at 2.

As for timeliness, West argues that, D.N.M. LR-Civ. 54.1 provides that "[t]he motion [for costs] must comply with the requirements of D.N.M. LR-Civ. 7." West states that Local Rule 7, which governs motion practice in the federal court, provides that responses to motions "must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.4(a). She believes that the clerk of the court could not tax costs for fourteen days after the cost bill was submitted, and that she had an additional twenty-one days thereafter to respond, using the calculations set forth in D.N.M. LR-Civ 7.4(a) and rule 54 of the Federal Rules of Civil Procedure. See Reply at 4.

The Court held a hearing on August 17, 2011 to consider the parties' arguments. At the August 17, 2011 hearing, the parties argued their respective positions concerning the Cost Bill and

the Objections thereto.  During the hearing, West argued that the Court should analyze the bill for costs under New Mexico state law and consider West's financial ability to pay, that West may ultimately be successful on her state law claims, and whether a tax on West would serve the interests of justice.  <u>See</u> Hearing Transcript at 5:1-9:21 (August 17, 2011)(Gayle-Smith, Court)("Tr.").[2]  The Defendants argued that the Objections were untimely and that there is no basis for looking at New Mexico law.  <u>See</u> Tr. 11:1-25 (Maynes).

## <u>LAW REGARDING COSTS</u>

A prevailing party may move for costs at any time after the court enters judgment.  <u>See</u> 10 J. Moore & F. Smith, <u>Moore's Federal Practice</u> ¶ 54.101[1][a], at 54-141 (3d ed. 2004).  Local rules require the party recovering costs to file a motion to tax costs within thirty days of the entry of judgment.  <u>See</u> D.N.M. LR-Civ 54.1.  The presumption is that the court should award the prevailing party costs pursuant to rule 54 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Klein v. Grynberg</u>, 44 F.3d 1497, 1506 (10th Cir. 1995).  Only a showing that an award would be inequitable under the circumstances can overcome the presumption in favor of awarding costs to the prevailing party.  <u>See</u> J. Moore & F. Smith, <u>supra</u> ¶ 54.101 [1][b], at 54-152.

Under rule 54(d)(1), "the [court] clerk may tax costs on 14 days notice.  On a motion served within the next 7 days, the court may review the clerk's action."  Fed. R. Civ. P. 54(d)(1).  "[T]he taxing of costs rests in the sound discretion of the trial court, and the exercise of such discretion will not be disturbed on appeal except in case[s] of abuse."  <u>Gabbo Farms & Orchards v. Pode Chem. Co.</u>, 81 F.3d 122, 124 (10th Cir. 1996)(quoting <u>U.S. Indus., Inc. v. Touche Ross & Co.</u>, 854 F.2d 1223, 1245 (10th Cir. 1988)).  "The presumption is that the court should award the prevailing party

---

[2]The Court's citations to the transcripts of the hearings refer to the court reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

costs." <u>A.D. v. Deere & Co.</u>, 229 F.R.D. 189, 192 (D.N.M. 2004)(Browning, J.). Despite, the "presumption that a prevailing party is entitled to costs, there are circumstances in which it is considered inequitable to award costs to the prevailing party." <u>A.D. v. Deere & Co.</u>, 229 F.R.D. at 192. For example, "[t]he court may deny an award of costs because the prevailing party was obstructive, acted in bad faith during litigation and incurred unnecessary or unreasonably high costs." <u>A.D. v. Deere & Co.</u>, 229 F.R.D. at 192. The Court may also reduce or deny an award of costs based upon a losing party's ability to pay. <u>See</u> <u>Cantrell v. Int'l Brotherhood of Elec. Workers AFL-CIO Local 21</u>, 69 F.3d 456, 459 (10th Cir. 1995).

The statutory authority for the allowable, recoverable costs under rule 54 is found at 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of specific interpretation serves under section 1828 of this title.

28 U.S.C. § 1920. The Local Rules of this Court provide the procedure for submitting cost bills pursuant to rule 54:

> **54.1 Motion to Tax Costs.** A motion to tax costs must be filed and served on each party within thirty (30) days of entry of judgment. Failure to file and serve within this time period constitutes a waiver of a claim to costs. The motion must comply with the requirements of D.N.M. LR-Civ. 7 and must include: [(i)] an itemized cost bill documenting costs and including receipts as required by rule or statute; and [(ii)] a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation.

D.N.M. LR-Civ. 54.1. D.N.M. LR-Civ 54.2 identifies taxable costs, but this list does not track the allowable costs under § 1920. For example, § 1920 lists the court filing fee but D.N.M. LR-Civ. 54.2

does not list that cost. <u>Compare</u> 28 U.S.C. § 1920 <u>with</u> D.N.M. LR-Civ. 54.1.  D.N.M. LR-Civ. 54.2 includes depositions costs when they are "reasonably necessary to the litigation."  D.N.M. LR-Civ. 54.2.  A deposition is reasonably necessary to the litigation if: (i) a substantial portion is admitted into evidence or used for impeachment at trial; (ii) the Court uses the deposition to rule on a summary judgment motion; or (iii) if the Court so determines.  <u>See</u> D.N.M. LR-Civ. 54.2.

D.N.M. LR-Civ. 7 is entitled "Motion Practice," and contains eight sub-parts concerning the writing requirements for motions; the submission of orders for unopposed motions; the form of motions; the timing of and restrictions on responses and replies; and the length of the motion and brief. <u>See</u> D.N.M. LR-Civ. 7.1 - 7.8.  D.N.M. LR-Civ. 7.1(a) requires that a movant "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request may be summarily denied."  D.N.M. LR-Civ. 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Finally, D.N.M. LR-Civ. 7.4(a) provides that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion."

<u>ANALYSIS</u>

The Defendants contend that, as the prevailing party in the earlier proceeding, they are entitled to an award of costs, that the clerk of the court entered their costs eighteen days after their motion, and that West did not respond until thirty-two days after the motion had been filed.  The Defendants assert that this delay renders West's Objections untimely.  <u>See</u> Reply at 1-2.  West alleges that the Defendants' bill of costs is procedurally and substantively defective because: (i) it did not include receipts or affidavits; (ii) D.N.M. LR-Civ. 54.1 does not include removal fees or filing fees; (iii) three of the depositions were not "necessary" costs within the meaning of D.N.M. LR-Civ. 54.2; and (iv) the Defendants did not provide the required recitation whether the motion

-7-

is opposed.

## I.      <u>WEST'S OBJECTIONS ARE NOT TIMELY</u>.

Rule 54(d)(1) provides that objections must be filed within seven days after the clerk of the court enters the award of costs.  <u>See</u> Fed. R. Civ. P. 54(d)(1) ("The court may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.").  The Defendants' filed the cost bill on November 1, 2010. <u>See</u> Cost Bill (Doc. 119).   The clerk of the court entered the award of costs on November 19, 2010.  <u>See</u> Minute Order (Doc. 121).  West did not file her objections until fourteen days later, on December 3, 2010.  <u>See</u> Objections at 1.  When computing time for a period stated in days, the period excludes the day of the event that triggers the period.  <u>See</u> Fed. R. Civ. P. 6(a)(1)(A).  West's objection period, thus, began on November 20, 2010 and ran until Saturday November 27, 2010.  If a time specified by the Federal Rules of Civil Procedure ends on a Saturday, Sunday, or legal holiday, then the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  West, therefore, had until Monday November 29, 2010 to file her objections. Her objections were not filed until four days later.

West argues that the time limits in rule 54.1 and the additional requirements provided by D.N.M. LR-Civ. 54(d)(1) conflict with those contained in D.N.M. LR-Civ. 7, because D.N.M. LR-Civ. 7.4 allows fourteen days for responses whereas rule 54 allows only seven.  West contends that, because D.N.M. LR-Civ. 54.1 provides that the "motion must comply with the requirements of D.N.M. LR-Civ. 7," it is "logical" to believe that  D.N.M. LR-Civ. 7 must also apply to the timing of responses.  Reply at 3.

The general reference to D.N.M. LR-Civ. 7 in D.N.M. LR-Civ. 54.1 applies to the writing requirements in D.N.M. LR-Civ. 7.1(a) and to the warning that a failure to respond constitutes

consent to grant the motion found at D.N.M. LR-Civ. 7.1(b).  Even if West were correct, and the rules are in conflict, that argument is unavailing.  "District courts have discretion to adopt local rules that are necessary to carry out the conduct of their business that are not inconsistent with the Federal Rules of Civil Procedure."  Smith v. Eastern New Mexico Medical Center, 72 F.3d 138, 1995 WL 749712, *4 (10th Cir. 1995)(unpublished opinion)(citing Frazier v. Heebe, 482 U.S. 641, 645 (1987); 28 U.S.C. § 2071 and Fed. R. Civ. P. 83).  The local rules do not take precedence over the federal rules and the time limits for objections to cost bills are clearly set out in rule 54 of the Federal Rules of Civil Procedure.  A local rule's time restriction cannot supercede the federal rule. Accordingly, because West did not file her Objections within the time period that rule 54 requires, her Objections are untimely.  See Bloomer v. United Parcel Service, Inc., 337 F.3d 1220, 1221 (10th Cir. 2003)("[A] party's failure to file a motion for review of costs *within the [seven]-day period* constitutes a waiver of the right to challenge the award.")(emphasis added).[3]

West moved in her Reply that, if the Court finds the Objections untimely, the Court excuse this "mistake or 'neglect'" by her counsel, and accept her motion as timely filed.  Reply at 4.  The Federal Rules of Civil Procedure give courts discretion to relieve a party from a deadline upon a showing of, among other things, excusable neglect.  See Fed. R. Civ. P. 60(b)(1). The Supreme Court of the United States has held that excusable neglect is "a somewhat 'elastic concept' and is not limited to omissions cause by circumstances beyond the control of the movant."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). "[A]ll 'excusable neglect' is neglect; so the presence of neglect is not determinative."  In re Gindi, 642 F.3d 865, 874 (10th Cir. 2011).  The Supreme Court concluded that the determination is an "equitable one, taking account

---

[3]Before the 2009 amendments to rule 54 of the Federal Rules of Civil Procedure, the period for filing objections was five days.

of all relevant circumstances," and enumerated four factors to assess neglect: (i) the danger of prejudice to opposing parties; (ii) the length of delay in judicial proceedings and its impact; (iii) the reason for the delay, including whether it was in the control of the late-filer; and (iv) whether the late-filer acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. at 395 (1993). Misinterpretation or misunderstanding of the Federal Rules of Civil Procedure, however, does not constitute excusable neglect or mistake under Rule 60(b). See Rodgers v. Wyoming Atty. Gen., 205 F.3d 1201, 1206 (10th Cir. 2000) (citing Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996), and FHC Equities, LLC v. MBL Life Assurance Corp., 188 F.3d 678, 687 (6th Cir. 1999)) *overruled on other grounds by* Slack v. McDaniel, 529 U.S. 473 (2000). Because West only alleges that her attorney mistakenly interpreted rule 54, West has not established excusable neglect for her untimely motion.

## II.    THE COURT WILL NOT DISALLOW THE COST BILL.

The United States Court of Appeals for the Tenth Circuit's holding in Bloomer v. United Parcel Service, Inc., that a party's failure to comply with the seven day time period constitutes waiver of the right to challenge, does not answer the question of whether the district court may waive untimely objections and consider the merits. See 337 F.3d at 1221. Other courts within the Tenth Circuit have held that the failure to object within the seven days does not affect the court's ability to reach the merits of the objections. See Johnson v. Simonton Bldg. Prod., No. 08-2198, 2011 WL 3666616, *2 n.3 (D. Kan. Aug. 22, 2011)(collecting cases); Phalp v. City of Overland Park, 2002 WL 31778781, *1 (D. Kan. 2002) (unpublished decision) ("[T]he Court declines to strike the pleading as untimely.").

Rule 54(d)(1) provides that, "costs -- other than attorneys' fees -- should be allowed to the prevailing party." The awarding of costs is left to the district court's sound discretion. See Cantrell

v. International Brotherhood of Elec. Workers, 69 F.3d 456, 458 (10th Cir. 1995).  It is well established, however, that "Rule 54 creates a presumption that the district court will award costs to the prevailing party." Zeran v. Diamond Broadcasting, Inc., 203 F.3d 714, 722 (10th Cir. 2000); Faragalla v. Douglas County School Dist. RE 1, 411 F. App'x 140, 161 (10th Cir. 2011). "Denying costs to a prevailing party is a 'severe penalty' and 'there must be some apparent reason to penalize the prevailing part if costs are to be denied.'" Dillon v. Twin Peaks Charter Academy, No. 99-2462, 2009 WL 3698519, *1 (D. Colo. 2009)(quoting Klein v. Grynberg, 44 F.3d 14497, 1507 (10th Cir. 1995).  A district court should "carefully scrutinize the items proposed by a prevailing party as costs," but "[o]nce a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed."  In re William Securities Litig.–WCG Subclass, 558 F.3d 1144, 1147-48 (10th Cir. 2009)(internal quotations omitted).

West makes three arguments for the Court to disallow the cost bill.  She argues that: (i) under New Mexico state rules, the court should consider whether the plaintiffs' suit was frivolous and whether the plaintiff made good-faith attempts to settle; (ii) West is indigent; and (iii) the Defendants' cost bill did not comply with the requirements of the federal and local rules.  West argues that the Court should not require her to pay the Defendants' $350.00 filing fee, the cost that the Defendants' incurred when they removed the case to federal court.  See Reply at 2.  She argues that she paid her fee in state court, where she wanted the case to be heard.  See Tr. 4:14-25 (Gayle-Smith).   D.N.M. LR-Civ. 54 does not list court filing fees as recoverable costs.

### A.    AVAILABILITY OF COSTS WILL BE ASSESSED UNDER RULE 54.

West argues that the issue of costs should be analyzed under New Mexico state law, because this case was filed in state court; however, the case involved federal questions and was not a

diversity suit.  When addressing federal questions, the Court does not have to conduct the same analysis that <u>Erie R. Co. v. Thompkins</u>, 304 U.S. 64 (1938), requires for diversity cases, to determine whether federal law and procedures applies.  <u>See</u> <u>Murphy v. Gorman</u>, 271 F.R.D. 296, 309 n.3 (D.N.M. 2010)(Browning, J.)("The court had federal question jurisdiction and thus applied the federal rules regarding privileges and not state rules, as it would in a diversity case.").

## B.   WEST'S ALLEGED INDIGENCE DOES NOT BAR AN AWARD OF COSTS.

The Tenth Circuit has held that a district court does not commit an abuse of discretion when it awards costs under rule 54 against an indigent party.  <u>See</u> <u>Johnson v. Oklahoma ex rel. Univ. of Oklahoma Bd. of Regents</u>, 229 F.3d 1163, 1163 (10th Cir. 2000)(explaining why a district court does not commit an abuse of discretion when it awards costs against an indigent party)("[R]elying on the 'parties' comparative economic power . . . would almost always favor an individual plaintiff.'" (citing <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 448 (4th Cir. 1999))).  The Tenth Circuit explained that, "[c]ertainly, considering [indigence] would not be an abuse of discretion by the district court.  However, we cannot hold that it is a controlling factor.").   It is therefore left to the Court's discretion whether West's claim of indigence should prevent an award of costs against her.

In support of her contention that she does not have the financial resource to pay an award of costs, West alleges that the Plaintiff has already incurred the burdensome costs of litigation -- attorneys fees, deposition fees, filing fees, and investigatory fees -- and that her current monthly income is significantly less than her monthly income when she worked for the Defendants.  <u>See</u> Objections at 4.  West, however, makes nothing more than conclusory allegations that she lacks financial resources and no supporting evidence of indigence.  <u>See</u> Objections at 4; Tr. 9:11-25, 10:1-5 (Gayle-Smith).  That West has accumulated burdensome litigation costs should not influence

whether the Defendants, who likely have also experienced high litigation costs, are entitled to costs as the prevailing party as that will be true in most cases.  There is no evidence suggesting that West cannot pay the cost bill and, therefore, the Court will not exercise its discretion to allow indigence to avoid the cost award.

### C.   THE ALLEGED DEFICIENCIES IN THE COST BILL DOES NOT BAR THE AWARD OF COSTS.

West advances several arguments in her Reply why the Cost Bill is "procedurally and substantively defective."  Reply at 1.  West asserts that the Defendants failed to include receipts or affidavits explaining itemized costs, that the removal filing fee is not a taxable cost, that three of the depositions took place after the motion for summary judgment, and that the Defendants fail to determine whether the motion was opposed in accordance with D.N.M. LR-Civ. 7.  See Reply at 2-3.

28 U.S.C. §1920(1) states that a judge may tax as costs "fees of the clerk and marshal."  28 U.S.C. § 1920.  Rule 54 provides that "costs" should be granted to the prevailing party, but D.N.M. LR-Civ. 54.2 does not include filing fees in its list of "taxable costs."  Fed. R. Civ. P. 54; D.N.M. LR-Civ. 54.2.  It appears that the majority of courts find that the filing fee after removal is a taxable cost.  See Chism v. New Holland North America, No. 07-00150, 2010 WL 1961179, *3 (E.D. Ark. May 23, 2010); Covington v. Arizona Beverage Co., No. 08-21894, 2011 WL 810592, *3 (S.D. Fla. Jan. 25, 2011); Roll v. Bowling Green Metal Forming, No. 09-00081, 2010 WL 3069106, *2 (W.D. Ky. Aug. 4, 2010).  As one court noted, the removal statute, 28 U.S.C. § 1446(d), requires that the notice of removal be filed in federal court, and the removed case is thus subject to the court's filing fees, which is a taxable cost under § 1920.  See McGuigan v. Cae Link Corp., 155 F.R.D. 31, 37 (N.D.N.Y. 1994).  Additionally, when the local rules and § 1920 are not in accord with regard to

costs, the local rule does not limit the Court's statutory authority under § 1920.  See Guidance
Endodontics v. Dentsply Int'l, Inc., 2011 WL 2429208, *6 (D.N.M. 2011) (Browning, J.)("The
Court would therefore, were it bound by the local rules, waive the D.N.M. LR-Civ. 54.2(a)'s
requirement because it would be an injustice not to award Guidance Endodontics the costs of
producing the transcript, of which the Court and the parties made great use.").  After examining the
relevant law from the Court of Appeals for the Tenth Circuit, the Court explained that "[t]he Tenth
Circuit appears to recognize that district courts have 'more general statutory authority' under 28
U.S.C. § 1920, beyond their local rules . . . [and] that rule 54.2's plain language does not appear to
limit the court's authority under 28 U.S.C. § 1920."  Guidance Endodontics v. Dentsply Int'l, Inc.,
2011 WL 2429208, at *6.  The Court went to conclude that "D.N.M. LR-Civ. 54.2(a) supplements,
and does not circumscribe, 28 U.S.C. § 1920(2)."  Guidance Endodontics v. Dentsply Int'l, Inc.,
2011 WL 2429208, at *6.  The same reasoning applies here.  Section 1920(1) clearly allows the
court filing fee to be recovered as a taxable cost and its omission in D.N.M. LR-Civ.54.2 does not
preclude recovery.

West also argues that three of the depositions were taken after the Defendants filed their
motion for summary judgment and were, therefore, unnecessary.  See Reply at 2.  28 U.S.C. § 1920
requires that depositions be "necessarily obtained for use in the case" to be taxable costs.  The Tenth
Circuit explains that courts should "not 'employ the benefit of hindsight' in determining whether
material for which a prevailing party requests costs are reasonably necessary to the litigation of the
case."  In re William Sec. Litig.–WCG Subclass, 558 F.3d at 1148.  Courts should not "penalize
a party who happens to prevail on a dispositive motion by not awarding costs associated with that
portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise
necessary at the time it was taken for proper preparation of the case."  Callicrate v. Farmland Indus.,

<u>Inc.</u>, 139 F.3d 1336, 1340 (10th Cir. 1998).  Material produced "solely for discovery," however, do not meet the reasonably necessary threshold.  <u>Furr v. AT&T Techs., Inc.</u>, 824 F.2d 1537, 1550 (10th Cir. 1987).

Of the three depositions that West challenges, West submitted the April 7, 2010 deposition of Phillip Salazar as a Supplement, filed July 17, 2010 (Doc. 96-5) to her Response to Defendants' Motion for Summary Judgement Memorandum, filed July  17, 2010 (Doc. 94).  West's use of this deposition would seem to establish that the deposition was reasonably necessary to the litigation. A prevailing party, however, bears the burden, although not a "high one," of establishing that the depositions were reasonably necessary to the litigation.  <u>Case v. Unified Sch. Dist. No. 233</u>, 157 F.3d 1243, 1259 (10th Cir. 1998).

In their Response, the Defendants focus solely on the timeliness of the Objections and do not address any of the challenges to the Cost Bill. At the hearing, on the other hand, the Defendants argued that West filed several extensions of time to take the Salazar and Trujillo depositions "because [West] believed that they were necessary . . . to be fully prepared and able to respond to the state's argument." Tr. 14:20-25, 15:1-10 (Maynes).  West referenced the April 23, 2010 Trujillo deposition in a July 9, 2010 hearing that the Court held on the Plaintiff's Third Motion for an Extension of Time to File Her Motion for Summary Judgment, filed May 19, 2010 (Doc. 75)("Third Extension Motion") and, although the Court did not cite to the deposition, the Court relied on West's discussion of the deposition in deciding whether to grant the extension.  <u>See</u> Hearing Transcript at 7:17-25 (July 9, 2010)(Gayle-Smith)("July 9, 2010 Tr."); Memorandum Opinion and Order at 4, 8, filed July 29, 2010 (Doc. 98).  Furthermore, West, referring to the April depositions, in her Third Extension Motion, asserts that "[t]he three deposition transcripts in question contain evidence and information that is important to Plaintiff's motion for summary judgment." Third Extension Motion

-15-

¶10, at 2.  West even asserted that it would be malpractice for her attorney to file an amended motion for summary judgment without the benefit of the deposition transcripts.  See Third Extension Motion ¶ 11, at 3.  The particular facts of the case show that West believed that the depositions were necessary at the time the costs were incurred -- she should not now be able to assert otherwise.  See Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002)(as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved.").  The original action in this case was allegations of discrimination and the nature of those allegations would seem to make the depositions of Trujillo, the Human Resources Bureau Chief, and Salazar, a named defendant, reasonably necessary to the litigation.  West's apparent use of these depositions in preparing her amended motion for summary judgment, her use of the Trujillo deposition in her Third Extension Motion, and her own statements about several depositions taking place in April 2010 suggest that these depositions were reasonably necessary to the litigation.  The Defendants' apparent ordering of a transcript of these depositions appears reasonable, prudent, and justified.

West further contends that the Defendants failed to comply with the requirements of D.N.M. LR-Civ.54.1 and D.N.M. LR-Civ.7.  See Reply at 1-3.  D.N.M. LR-Civ.7.1(a) requires that "Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denies."  D.N.M. LR-Civ.7.1(a)(emphasis added).  D.N.M. LR-Civ.7.1(a)'s plain language indicates that whether failure to comply with the rule will result in a denial of the motion is a matter of court discretion.  This Court has, however, looked beyond violations of D.N.M. LR-Civ.7.1(a) to look at the merits of the motion.  See Pimentel & Sons Guitar Makers, Inc. v. Pimentel, 229 F.R.D. 204, 207 (D.N.M. 2005)(Browning, J.)(hearing a motion despite the plaintiff's failure to comply with D.N.M. LR-Civ.7.1(a)); Negrete v. Maloof

Distrib. LLC, 2006 WL 4061178, at *4 (D.N.M. Oct. 17, 2006)("Maloof has nevertheless violated the Court's local rules. That noncompliance justifies summary denial of its motion. Because, however, the motion raises a jurisdictional issue . . . the Court will proceed to decide the merits of the motion."). Here, the Court again prefers to deal with the merits of the motion. If the Court considers West's Objections despite her failure to timely object to the Cost Bill, it should not refuse to consider the Defendants' motion for failure to determine West's position before they filed it. The Court needs to be even-handed, and treat similarly the deficiencies on both sides. Moreover, it is clear that West opposes the motion and that opposition was predictable given the rocky litigation in the case. While the Court does not approve of the a party's failure to confer before filing any motion in federal court, the Defendants' failure to confer, under the circumstance of this case, is not fatal to the Defendants' claim. The Court will not exercise its discretion under D.N.M. LR-Civ.7.1(a) to summarily dismiss the Cost Bill, given the strong presumption that a prevailing party should be awarded taxable costs,. See Dillon v. Twin Peaks Charter Academy, 2009 WL 3698519, at *1 ("Denying costs to a prevailing party is a 'severe penalty.'").

D.N.M. LR-Civ. 54.1 requires that a motion for costs include: (i) an itemized cost bill documenting costs and including receipts as required by rule or statute and (ii) a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation. D.N.M. LR-Civ. 54.1. West argues that, because the Defendants included neither receipts nor affidavits of each defendant, the motion is defective. See Reply at 2. West focuses her argument on the phrase "including receipts," but does not address the other part of the rule, which states "as required by rule or statute." D.N.M. LR-Civ. 54.1. The Defendants provided an itemized cost bill documenting their costs to the clerk of the court, and West does not direct the Court to any rule or statute that requires the Defendants to provide receipts. See Cost Bill at 1-2; Response 1-2. Neither 28 U.S.C. § 1920

-17-

nor rule 54 require that the Defendants provide receipts.  See 28 U.S.C. §1920; Fed. R. Civ. P. 54(d)(1).  Thus, while it may be that the local rule would require that prevailing parties provide receipts in some cases, they do not appear to be required for the expenses here.

D.N.M. LR-Civ. 54.1 also requires that a motion for costs include "a party's affidavit that the costs are allowable by law, correctly stated and necessary to the litigation."  D.N.M. LR-Civ. 54.1.  The Court, however, held in Guidance Endodontics, LLC v. Densply Int'l, Inc., that the local rules do not limit the Court's statutory authority under 28 U.S.C. § 1920.  See 2011 WL 2429208, at *3-4 ("The Tenth Circuit also appears to recognize that district courts have discretion to apply 'a more stringent local district court rule' when 'no special circumstances suggest[ ] that the local rule should not be applied,' despite a more general federal statute.").  The Court believes that special circumstances are present here, where both parties have made procedural errors, that caution against applying the local rule.  West does not challenge the accuracy or veracity of any of the Cost Bill items, and only asserts the affidavit requirement as a procedural bar to the Defendants' Motion.  See Reply at 1-2.

The Defendants' should, however, proceed to comply with D.N.M. LR-Civ. 54.1.  Within ten days of this Order, the Defendants should file the required affidavits and any receipts.  In fairness to the Defendants, after reaching the merits of the Objections despite their untimeliness and where West does not challenge the veracity of the taxable costs, the Court concludes that it should not apply D.N.M. LR-Civ. 54.1 to bar costs.

**IT IS ORDERED** that: (i) the Plaintiff's  Objections to Cost Bill, filed December 3, 2010 (Doc. 122) are overruled; (ii) the Defendants are awarded $3,184.05 in costs; and (iii) the Defendants shall file the affidavits and any receipts required by D.N.M. LR-Civ. 54.1 within ten days of the entry of the order.

-18-

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Michael Gayle-Smith
Law Office of Paul M. Gayle-Smith
Las Cruces, New Mexico

     *Attorney for the Plaintiff*

Paula Grace Maynes
James R. Wood
Miller Stratvert, P.A.
Santa Fe, New Mexico

     *Attorneys for the Defendant*